Meyer, J.
(concurring). I concur in the result because I agree that neither the Federal nor the State Constitution requires the obtention of a warrant in relation to participant monitoring. I write, nonetheless, to express my belief that the equivocal basis for excluding such recordings from New York’s eavesdropping law (CPL, art 700),[1] the developments in this *62 area of the law that have since occurred,[2] and the importance of the issue to individual privacy[3] strongly suggest that the Legislature should review the question with a view toward imposition of controls,[4] or limitations on use[5] or, perhaps, even proscription.[6]
Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur with Chief Judge Cooke; Judge Meyer concurs in a separate opinion.
In People v McGee: Order modified in accordance with the opinion herein and, as so modified, affirmed.
In People v Edwards and People v Tolliver: Orders affirmed.
In People v Quamina and Waters: Orders affirmed.

. The Report of the Joint Legislative Committee to Study Illegal Interception of Communications (NY Legis Doc, 1956, No. 53, at pp 24-25; 1956 McKinney’s Session Laws of NY, at p 1361), noted that though recording a person’s voice without his knowledge might be unethical or reprehensible and arouses indignation "we have been unable to draw a clear line, without exceptions, at which point it might become criminal”.

. (Westin, Privacy & Freedom; Fishman, Wiretapping & Eavesdropping; Carr, The Law of Electronic Surveillance; Westin, Science, Privacy and Freedom: Issues and Proposals For the 1970’s, 66 Col L Rev 1205; Greenawalt, Consent Problem in Wiretapping & Eavesdropping: Surreptitious Monitoring With the Consent of a Participant in a Conversation, 68 Col L Rev 189; Fishman, Interception of Communications Without a Court Order: Title III, Consent and the Expectation of Privacy, 51 St John’s L Rev 41; Report of the National Commission for the Review of State and Federal Laws Relating to Wiretapping and Electronic Surveillance [hereafter National Wiretapping Commission Report]; Report of the Committees on Federal Legislation and on Civil Rights of the Association of the Bar of the City of New York, dated April 24, 1968, entitled Proposed Legislation on Wiretapping and Eavesdropping After Berger v New York and Katz v United States.)

. (Harlan, J., dissenting in United States v White, 401 US 745, 769, 787-790; Goldman, J., dissenting in People v Fiedler, 30 AD2d 476, affd without opn 24 NY2d 960; Carr, op. cit., n 2, § 3.05; Westin, op. cit., n 2, p 390; Greenawalt, op. cit, n 2, pp 216, 221-240; Association of the Bar Report, supra, n 2, p 25.)

. (American Bar Association Standards Relating To The Administration of Criminal Justice, Electronic Surveillance, Standard 2-4.1 [Approved Draft, 1978]; Carr, op. cit., n 2, § 3.05; National Wiretapping Commission Report, n 2, pp 113-118, supra.)

. (E.g., Wisconsin Electronic Surveillance Control Law, construed in State ex rel. Arnold v County Ct. of Bock County, 51 Wis 2d 434.)

. (E.g., Pa Stat Ann, tit 18, § 5705, subd [1] [Purdon Supp, 1978]; Cal Penal Code, § 631, subd [a]; § 632, subd [a]; People v Kurth, 34 111 2d 387, 395, construing the Illinois statute.)